J^FITZSIMMONS, J.
Plaintiff, Mr. Kerry L. King, filed a disputed claim for compensation on August 3, 2001. He sought from his employer, Willstaff Worldwide, Inc. (Willstaff), benefits allegedly due from a work-related accident that occurred on January 9, 2001. After a hearing, the workers’ compensation judge found that the plaintiff proved that the work-related accident caused his injuries. The judge found that Mr. King suffered a temporary total disability, and awarded benefits for the temporary total disability, supplemental earnings benefits (SEBs), penalties, and attorney fees. Defendant, Willstaff, appealed.[1] We reverse in part.
Factual findings in a workers’ compensation case, including the award of statutory penalties and attorney fees, are subject to the manifest error or clearly wrong standard of appellate review. Parfait v. Gulf Island Fabrication, Inc., 97-2104, p. 4 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 16; Patterson v. Long, 96-0191, p. 15 (La.App. 1 Cir. 11/8/96), 682 So.2d 1327, 1337, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. “[W]here two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.” Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993).
*983 After a thorough review, we find no manifest error in the choice by the workers’ compensation judge on the issue of causality between the accident and the injury. The record provides a reasonable basis for the judge’s finding that the work accident caused the pneumonia, which subsequently developed into emphysema, and necessitated the surgical intervention and treatment. Nor can we say that the judge committed clear error by (1) relying on the report of clear lungs to eliminate a prior case of influenza as a cause, or (2) accepting |3Pr. William Cherry’s opinion on the development of a soft rine within a week to ten days after the accident. Although Dr. Cherry was no longer an active surgeon, he began treating Mr. King seven months after the accident, and was accepted, without objection, as an expert in thoracic and general surgery.
The record also reasonably supports the trial court’s factual basis for an award of SEBs. Mr. King was a thirty-eight year old high school graduate who had worked in the construction industry as a machinist and general laborer. His job with Willstaff involved general labor. At the hearing, Mr. King testified that he attempted to work after his surgery, but could not complete a full day of labor. He also testified that Willstaff did not have a light duty job available when he inquired. Willstaff did not rebut the showing made by Mr. King, or establish that suitable light duty jobs were available during the times Mr. King was released to work within restrictions. See Seal v. Gaylord Container Corporation, 97-0688, p. 8 (La.12/2/97), 704 So.2d 1161, 1166. From these facts, we find no manifest error in the finding that Mr. King met his initial burden of showing that his work injury caused his inability to earn ninety percent of his prior average wage. See La. R.S. 23:1221(3)(a); Seal, 97-0688 at pp. 7-9, 704 So.2d at 1166; Freeman v. Poulan/Weed Eater, 93-1530, p. 7 (La.1/14/94), 630 So.2d 733, 739. The determination on a SEBs claim is dependent on the particular “facts and circumstances” of each case, but must be made in light of the “jurisprudential tenet that workers’ compensation is to be liberally construed in favor of coverage.” Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007 (La.1989) (rehearing granted on other grounds). Therefore, we find no error in the judge’s ruling that Mr. King was unable to earn ninety percent of his pre-injury wage because of the work-related accident. See Seal, 97-0688, p. 8, 704 So.2d at 1166.
|4However, on this particular record, we must reverse the award of penalties and attorney fees awarded pursuant to Louisiana Revised Statutes 23:1201 and 1201.2. Whether an employer acted unreasonably in failing to pay benefits, or acted arbitrarily in terminating benefits, depends primarily on the facts existing and known at the time the employer acted. Parfait, 97-2104 at p. 16, 733 So.2d at 24. At the time the employer discontinued medical benefits and refused to pay other compensation benefits, the only medical report known to the employer designated the pneumonia as non-occupational. The report did not link the pneumonia to the work-related accident. Thus, the employer could have reasonably found no basis for continued investigation of the claim, until the Cherry report was submitted to it.
In rebuttal, Mr. Kng argues that Wills-taff was timely notified of the Cherry opinion and relies on the compensation claim filed in August of 2001 and a report from Dr. Cherry. While those items are in the record, neither establishes when Willstaff was notified of Dr. Cherry’s opinion linking the accident to the injury. The claim does not discuss the Cherry theory at all, *984 and the report contains no date or indication of when, or if, it was sent to Willstaff. Nor does the record contain other proof that the Cherry opinion was sent or received by defendants, Willstaff or its insurer, until shortly before the hearing.[2] Without proof that the Cherry opinion on linkage between the accident and the injury was received more than a few days before the compensation hearing, we will not impose a duty of further investigation on the defendants here. Based on the facts known to Willstaff or its insurer at the relevant time, the defendants acted reasonably. Thus, we find that the judge was clearly wrong in finding |5that: (1) defendants acted arbitrarily and capriciously in terminating the medical benefits, and (2) defendants did not have a reasonable basis for refusing to pay other compensation benefits.
For these reasons, we reverse the award of penalties and attorney fees.[3] We affirm the judgment in all other respects. The costs of the appeal are assessed equally to plaintiff, Mr. Kerry King, and the defendant-appellant, Willstaff Worldwide, Inc.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
GAIDRY, J., concurs without reasons.

. Willstaffs workers' compensation insurer also appeared as a defendant at the hearing through its attorney. However, the insurer did not appeal.

. On February 22, 2002, defendants sought a review of Mr. King's medical records from Dr. Brooks Emory. The request letter noted the transmittal of "medical records” and contained a brief review of treatment from January through February 5, 2001. The letter, however, did not specifically reference Dr. Cherry's records or his opinion. Dr. Emory was deposed on April 23rd, 2002, the day before the hearing. During the deposition, Dr. Emory testified that in preparation he reviewed Mr. King’s medical records and reports by Dr. Cherry. However, it is not clear when Dr. Emory received the Cherry opinion, nor was any date of notice to the defendants given.

. Having found merit to the appeal, we deny Mr. King’s request for damages for the filing of a frivolous appeal. See La. C.C.P. art. 2164.