# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1215


**CAROL FONTENOT**

**VERSUS**

**DAVID SONNIER D/B/A
DAVID'S MINI MART**


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DIST. 04
PARISH OF LAFAYETTE, NO. 07-00491
HONORABLE SHARON MORROW
WORKERS' COMPENSATION JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and J. David Painter, Judges.


**AFFIRMED.**

**A. Gerard Caswell**
**Attorney at Law**
**142 N. 2nd Street**
**P. O. Box 1600**
**Eunice, LA 70535**
**(337) 457-7378**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       **Carol Fontenot**

**Alex A. Lopresto, III**
**Jeansonne & Remondet, LLC**
**P. O. Box 91530**
**Lafayette, LA 70509-1530**
**(337) 237-4370**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **David Sonnier d/b/a David's Mini Mart**

PETERS, J.

The defendant, David Sonnier d/b/a David's Mini Mart (Mr. Sonnier), appeals from a judgment of the workers' compensation judge (WCJ) awarding the plaintiff, Carol Fontenot, penalties and attorney fees as a result of Mr. Sonnier's untimely payment of a court-approved settlement. For the following reasons, we affirm the WCJ's judgment.

## DISCUSSION OF THE RECORD

This matter stems from a work-related accident suffered by Ms. Fontenot while an employee of David's Mini Mart. Ms. Fontenot filed a disputed claim for compensation with the Office of Workers' Compensation seeking indemnity benefits, medical expenses, and penalties and attorney fees from Mr. Sonnier. Although he initially denied liability, the parties reached a settlement which was approved by the WCJ via an August 25, 2008 Order of Approval. In the order, the WCJ awarded judgment in favor of Ms. Fontenot in the amount of $8,000.00 for indemnity benefits and ordered Mr. Sonnier to pay all medical expenses ($11,898.31) associated with her injury. The order listed seven medical providers and the amount each was owed: Dr. Greg Savoy- $473.00; Mamou Imaging- $60.00; Wal-Mart Pharmacy- $228.76; Dr. Bobby Deshotel- $35.00; Savoy Medical Center- $9,904.55; Evangeline Emergency Group- $650.00; and Dr. Eric Fontenot- $547.00. The order further provided that Mr. Sonnier was free to negotiate with these providers so long as the negotiated payment satisfied the debt owed in full. Ms. Fontenot's claims against Mr. Sonnier were then dismissed with prejudice upon the WCJ's grant of a joint motion for dismissal. On August 21, 2008, Ms. Fontenot's counsel sent Mr. Sonnier's counsel a letter reminding him that pursuant to La.R.S. 23:1201(G), the terms of the settlement were to be satisfied within thirty days of the approval of the settlement.

Subsequent to this judgment, Hurricane Gustav, a category 2 storm, came ashore on the coast of Louisiana on September 1, 2008. As a result of the damage and the lasting effects caused by the storm, Louisiana Governor Bobby Jindal issued, by executive order, an emergency stay which provided for the suspension of all deadlines in "legal, administrative, and regulatory proceedings, including liberative prescription and peremptive periods in all courts, administrative agencies, and boards" effective from August 29 through September 12, 2008. This order applied specifically to workers' compensation matters.

On September 2, 2008, Ms. Fontenot's counsel sent a second letter reminding Mr. Sonnier about the thirty-day delay for satisfying the settlement. On October 1, 2008, Mr. Sonnier paid Ms. Fontenot the $8,000.00 indemnity portion of the judgment. He then had his store manager, Pat Deville, contact all of the medical providers to commence negotiations.

Because all of the medical expenses had been turned over to collection agencies, the negotiations took longer than thirty days. Ms. Deville eventually negotiated payments with Savoy Medical Center for $2,575.18 on November 21, 2008, and Mamou Imaging for $48.00 on January 7, 2009. Ms. Fontenot had previously paid the amounts owed to Wal-Mart Pharmacy and Dr. Bobby Deshotel, so Ms. Deville paid her $263.76 on December 1, 2008. Ms. Deville obtained a letter from Dr. Greg Savoy indicating that the $473.00 owed for Ms. Fontenot's treatment was written off. As to the remaining two amounts, Mr. Sonnier could locate neither Dr. Fontenot nor the Evangeline Emergency Group, as Dr. Fontenot had moved out of state and Evangeline Emergency Group was no longer employed by the hospital.

2

On October 2, 2008, Ms. Fontenot filed a motion for penalties and attorney fees based on Mr. Sonnier's failure to pay the $19,898.31 settlement within the thirty-day period provided by La.R.S. 23:1201(G). Following a hearing on the motion, the WCJ rendered judgment in favor of Ms. Fontenot, awarding her a $3,000.00 penalty and $1,000.00 in attorney fees for Mr. Sonnier's failure to timely pay the medical expenses.[1] Mr. Sonnier appeals this judgment raising one assignment of error:

> The Trial Judge erroneously determined that R.S. 23:1201(G) and applicable case law gave her no discretion to consider the facts and circumstances of this matter to determine whether penalties and attorney fees are justified under R.S. 23:1201(G).

**OPINION**

Louisiana Revised Statutes 23:1201 provides for the award of penalties and attorney fees in specified instances under the Workers' Compensation Act. This statute has been held to be penal in nature and, as such, is to be strictly construed just as all penal statutes are construed. *Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-100 (La. 3/2/05), 894 So.2d 1096. "The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact, and the trial court's finding shall not be disturbed absent manifest error." *Hayes v. La. State Penitentiary*, 06-553, p. 20 (La.App. 1 Cir. 8/15/07), 970 So.2d 547, 565, *writ denied*, 07-2258 (La. 1/25/08), 973 So.2d 758 (citing *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181).

Mr. Sonnier argues that it was error for the WCJ to find that she had no discretion in determining whether to award penalties and attorney fees pursuant to

---

[1]The WCJ's judgment relates only to Mr. Sonnier's failure to pay the medical expenses. In the transcript from the hearing on the motion, the WCJ mentioned that she did not believe that Ms. Fontenot was pursuing her claim with regards to the $8,000.00 indemnity payment, which was paid on October 1, 2008, within the expanded thirty-day period.

La.R.S. 23:1201(G). He argues that penalties and attorney fees should not be awarded unless the employer's actions in handling the claim were arbitrary and capricious. Mr. Sonnier further interprets La.R.S. 23:1201(G) to read that penalties and attorney fees are not justified if the employer reasonably controverted the employee's claim or unless the nonpayment resulted from conditions beyond the employer's control. He argues that a claim is reasonably controverted if the employer espouses a valid reason for the delay in paying the judgment.

In explaining his delay in paying, Mr. Sonnier points out that the Order of Approval's terms allowed him to negotiate with the medical providers but set no time limit on those negotiations. Furthermore, although the amounts owed to each provider were listed in the order, it does not specifically order him to pay those amounts. Based on these facts, Mr. Sonnier argues that he should have been allowed a reasonable amount of time to complete his negotiations and that his good faith negotiations and attempts to locate the providers prove that his actions were neither arbitrary nor capricious or that he failed to reasonably controvert this claim. Thus, he claims that the award of penalties and attorney fees was unjustified.

Louisiana Revised Statutes 23:1201(G) provides:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

4

We disagree with Mr. Sonnier's interpretation of this statute. First off, the language "shall not apply if the claim is reasonably controverted" does not apply to this subsection, as it does to La.R.S. 23:1201(F). Subsection F applies to the actions of the employer prior to a final judgment/settlement being obtained, whereas Subsection G applies to the actions of the employer subsequent to such a time. *See Rodrigue v. Laforuche Parish Sch. Bd.*, 04-1136 (La.App. 1 Cir. 5/6/05), 909 So.2d 627, *writ denied*, 05-2366 (La. 3/17/06), 925 So.2d 546. Second, a plain reading of Subsection G raises two questions: (1) was the payment timely, and (2) if not, did the delay result from conditions beyond the employer's control. The first question results in a straight yes or no answer. The second question delves into the reasons behind the employer's late payment, which is a finding of fact subject to the manifest error standard of review. If the WCJ finds that the employer had no control over the delay, then no penalties and attorney fees are awarded. However, if the delay resulted from the employer's own actions, then the award is automatic.

During the hearing on the motion, the WCJ noted the difficulty Mr. Sonnier experienced in negotiating these claims. However, the WCJ factually found that this difficulty was not encompassed by the language "results from conditions over which the employer had no control." La.R.S. 23:1201(G). Reviewing this pursuant to the manifest error standard, we find no error in this finding as it relates to payment of the medical expenses, except for those relating to Dr. Fontenot and the Evangeline Emergency Group, as Mr. Sonnier was unable to locate and pay them. In these two instances, we find that the delay in payment was beyond Mr. Sonnier's control. Otherwise, we find that the delay as to the remaining medical providers was within his control. With regard to his argument concerning the lack of a deadline in the

5

order and its failure to specify that he pay the amounts listed, we find no merit in those arguments. The inclusion of a deadline was unnecessary as La.R.S. 23:1201(G) provided the thirty-day deadline. Furthermore, the amount paid by Mr. Sonnier depended on his success in negotiating lower payments, so long as all payments were satisfied within the thirty days. A failure to lower the amount within that time period would result in a payment of the full amount listed.

Considering the foregoing, we find no error in WCJ's judgment awarding Ms. Fontenot a $3,000.00 penalty and $1,000.00 in attorney fees. Although penalties and attorney fees are not justified in the two instances specified, the amount awarded for the remaining providers' expenses is the minimum allowable under La.R.S. 23:1201(G).

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the workers' compensation judge in all respects. We assess all costs of this appeal to David Sonnier d/b/a David's Mini Mart.

**AFFIRMED.**