JUDE G. GRAVOIS, Judge.
12AppelIant has appealed a trial court judgment awarding penalties and attorney’s fees against it in this workers’ compensation proceeding. For the reasons that follow, we affirm the portion of the judgment under review granting attorney’s fees, vacate the portion of the judgment setting the attorney’s fees at $4,000.00, and remand the matter for a determination of reasonable attorney’s fees.

*1170
FACTS

Appellant, Brand Services, L.L.C., and elaimant/appellee, Adam Simons, entered into a settlement agreement in claimant’s workers’ compensation claim whereby appellant agreed to pay, in addition to other amounts, claimant’s medical expenses from Ochsner Health Systems and its physicians and departments for medical treatment rendered in connection with claimant’s accident, thereby relieving claimant of any liability for the medical expenses. On February 1, 2012, the trial court issued an Order of Approval ordering appellant to pay “any and all | .¡expenses from Ochsner Health Systems and its physicians and its departments for medical treatment” to claimant “rendered on or about June 3, 4, 13, and 28, 2011, inclusive” in connection with the accident and that claimant is “hereby relieved of any liability thereof.”
On March 19, 2012, claimant filed a “Motion to Enforce Order of Approval, for Sanctions, Attorney Fees and Costs and Incorporated Memorandum,” alleging that appellant was in possession of itemized billing from Ochsner regarding all medical expenses, that claimant was receiving correspondence from collection agencies regarding these bills, and that appellant had failed to comply with the order and dispose of these bills. Appellant filed a memorandum in opposition alleging that it “remains in the process of attempting to pay the outstanding medical expenses.”
The motion came for a hearing on April 9, 2012. At the hearing, counsel for claimant stated that she had been in contact with the health care providers, and that with regards to the medical bills, the clinic and physicians had not been contacted by appellant, and the hospital had only been recently contacted by appellant. Counsel for claimant explained that the bills for claimant’s expenses had been in the hands of appellant “months and months” before the settlement. Counsel for claimant introduced into evidence copies of e-mails that she sent to counsel for appellant on several occasions requesting proof that the medical bills had been paid; or alternatively, that the medical providers were notified in writing that appellant was liable to pay the bills and that claimant had no responsibility for the bills. Counsel for appellant responded that he was “anxious to hear from my client” and that he was advised that “the bills were sent off’ and the proper coding was needed. Counsel for appellant explained that he had not received a copy of the claims file as to the details of what transpired between his client and Ochsner. At |4the conclusion of the hearing, the trial court awarded $3,000.00 in penalties and $4,000.00 in attorney’s fees pursuant La. R.S. 23:1201(G). This timely appeal followed.

ASSIGNMENT OF ERROR NUMBER ONE

In its first assignment of error, appellant argues that the trial court erred in granting claimant’s motion to enforce the order of approval of claimant’s settlement, and in awarding attorney’s fees and costs to claimant as sanctions against appellant. In this assignment, appellant contends that under La. R.S. 23:1201(E), it had sixty days after the settlement to pay claimant’s medical bills. Claimant responds that the obligation to pay medical expenses pursuant to a final nonappealable compromise must be accomplished within thirty days after court approval and that the failure to do so permits penalties pursuant to La. R.S. 23:1201(G).
La. R.S. 23:1201(G) clearly states that an employer is liable for penalties and attorney’s fees if it does not pay an award *1171 payable under a final, nonappealable judgment within thirty days. The statute provides, in pertinent part, as follows:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control.... The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
As explained in McCoy v. KMB Transport, Inc., 98-1018 (La.App. 1 Cir. 5/14/99), 734 So.2d 886, 890, writ denied, 99-2295 (La.11/24/99), 750 So.2d 986, the application of section 1201(G) concerns an employer’s obligations that arise | ¡(because of the employer’s conduct after a final judgment, not because of the claimant’s accident nor because of the claimant’s prior employment with the employer. In the instant case, according to the uncontro-verted evidence presented at the hearing, appellant received a copy of claimant’s medical bills on the date of the settlement, February 1, 2012. As of the date of the hearing, April 9, 2012, well over thirty days after the settlement, the medical bills remained unpaid. Appellant’s attorney introduced no evidence to show that appellant had paid the bills or was in the process of paying the bills. Section 1201(G) is clearly applicable in this case. Appellant’s argument to the contrary that Section 1201(E) should be applied is without merit.[1]

ASSIGNMENT OF ERROR NUMBER TWO

In its next assignment of error, appellant argues that the trial court erred in determining that claimant is entitled to penalties and attorney’s fees. In this assignment, appellant argues that the medical bills that were provided on the date the settlement was approved were not on appropriate forms that are required under the Louisiana Workers’ Compensation Act. Appellant contends that without the proper codes, it is unable to process the request for reimbursement. Appellant states that at the time of the hearing, appellant remained in the process of attempting to pay the outstanding medical expenses and had requested that Ochsner provide the bills in the proper form.
The record is completely void of any evidence that appellant had made any attempt to pay the medical bills in question — appellant presented no testimony and offered no documentary evidence at the hearing on the motion. In fact, in the Disputed Claim for Compensation filed on August 15, 2011, claimant states that | fiappellant was provided the “medical expenses” and records, but has failed to respond to repeated requests for payment, thus indicating that appellant was in possession of the medical bills well before the settlement. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE

In its final assignment of error, appellant argues that the trial court *1172 abused its discretion in awarding $4,000.00 in attorney’s fees to claimant. Here, appellant contends that the record does not support the award of attorney’s fees, noting that the amount of medical bills to be paid totaled $10,888.98, and that claimant’s attorney filed a three-page motion and attended a hearing that took less than half a day.
The amount of attorney’s fees awarded under La. R.S. 28:1201 is within the discretion of the workers’ compensation judge, and as long as the award is supported by the record, it will not be disturbed on appeal absent an abuse of that discretion. McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00), 773 So.2d 694, 700. Factors considered in setting the attorney’s fee award include the skill and ability of the attorney, the amount of the claim, the amount recovered, and the time devoted by the attorney to the case. Id.
In requesting $4,000.00 in attorney’s fees, claimant’s attorney stated that she had spent “a heck of a lot of time on this,” including phone calls, e-mails and reviewing the record. The trial judge declined claimant’s counsel’s offer to provide the exact amount of time spent on the case since the settlement. In awarding attorney’s fees, the trial court stated: “I’ll give you your $4,000.00 because it does look like there’s been a lot of communication back and forth. There has been some substantial work done after the settlement was already 17signed. So I think that’s a reasonable fee.” However, our review of the record does not contain any evidence to assist in our determination as to whether the amount of attorney’s fees awarded is an abuse of discretion. The amount of medical bills to be paid totaled $10,888.98, and although claimant’s attorney was able to show that attorney’s fees should be awarded in this case, there is nothing in the record indicating the amount of time that claimant’s attorney spent working to enforce payment of the medical expenses in question after the settlement. For this reason, we must vacate the portion of the judgment setting attorney’s fees at $4,000.00 and remand the matter to the trial court for a determination of reasonable attorney’s fees, taking into consideration the amount of the claim and the amount of time spent by claimant’s attorney working on enforcing payment of the medical expenses in question after the settlement.
Claimant’s attorney has also requested additional attorney’s fees on appeal. However, claimant has not filed an answer to the appeal. Therefore, we cannot award additional attorney’s fees to claimant for work performed on appeal. Scott v. Cent. Indus., Inc., 91-74 (La.App. 3 Cir.1992), 602 So.2d 201.

CONCLUSION

For the foregoing reasons, the portion of the judgment under review granting attorney’s fees is hereby affirmed, and the portion of the judgment under review setting the attorney’s fees at $4,000.00 is hereby vacated. This matter is remanded to the trial court for a determination of reasonable attorney’s fees.

AFFIRMED IN PART; VACATED IN PART; REMANDED

. See also, Rodrigue v. Lafourche Parish Sch. Bd., 04-1136 (La.App. 1 Cir. 5/6/05), 909 So.2d 627, 631-32, writ denied, 05-2366 (La.3/17/06), 925 So.2d 546.