# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## WCA 14-505


**BELINDA FLORES**

**VERSUS**

**A & Z TOBACCO, LLC, D/B/A PAK A SAK**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 12-03305
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


**AFFIRMED AS AMENDED.**


**Thibodeaux, Chief Judge, concurs in part and dissents in part and assigns written reasons.**

**James Ray Morris**
**4216 Lake St.**
**Lake Charles, LA 70605**
**(337) 990-0256**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **A & Z Tobacco, LLC**

**Scott James Pias**
**522 Alamo St.**
**Lake Charles, LA 70607**
**(337) 436-1288**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Belinda Flores**

**Larry Arlen Roach, Jr.**
**2917 Ryan St.**
**Lake Charles, LA 70601**
**(337) 433-8504**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **A & Z Tobacco, LLC**

**EZELL, Judge.**

In this workers' compensation appeal, A&Z Tobacco, LLC raises issues concerning an award of penalties and attorney fees for failure to pay a judgment within thirty days pursuant to La.R.S. 23:1201(G). Belinda Flores, the claimant, answered the appeal claiming that the award of penalties should have been greater and asking for additional attorney fees for work performed on appeal.

## FACTS

Ms. Flores was injured on April 14, 2012, while working for A&Z. At the time of her injury she was moving and lifting a case of beverages when she felt a pop in her right arm and shoulder. She injured her rotator cuff which ultimately required surgery. Ms. Flores filed a workers' compensation claim on May 9, 2012. A&Z contested whether Ms. Flores suffered an injury.

Trial was set for April 24, 2013. After discussions with the workers' compensation judge, the parties entered into an agreement on a motion to compel discovery. Trial of the matter was continued until June 24, 2013. On the day set for trial, the parties entered a stipulation settling the case which was recited in open court. A&Z agreed to pay back indemnity to Ms. Flores in the amount of $9,619.02. It was also agreed that indemnity would continue at the rate of $178.13 a week while Ms. Flores received treatment from Dr. Brent Cascio, an orthopedic surgeon. If Ms. Flores required surgery, A&Z agreed to pay for medical care for six weeks after surgery. If Ms. Flores required physical therapy after surgery, then A&Z agreed to pay for ten weeks of medical care. A&Z also agreed to pay outstanding medical bills in the amount of $845.47. Additionally, A&Z agreed to pay penalties in the amount of $4,000.00 and attorney fees in the amount of

$7,500.00. Also, Dr. Anand Roy personally obligated himself to pay the stipulated penalties and attorney fees if A&Z did not pay.

On July 25, 2013, Ms. Flores filed a motion for contempt of court and for penalties pursuant to La.R.S. 23:1201(G). Ms. Flores also complained that improper contact had been made with her treating physicians. On July 26, 2013, A&Z presented a check in the amount of $21,964.49. A hearing was held on September 18, 2013. After taking the matter under advisement, the workers' compensation judge rendered judgment on December 26, 2013. The court awarded penalties in the amount of $2,000.00 and attorney fees in the amount of $3,000.00 pursuant to La.R.S. 23:1201(G) for failure to timely pay a final and nonappealable judgment within thirty days. The trial court also held that any verbal communication or personal conferences with any of Ms. Flores's health care providers was to be conducted pursuant to La.R.S. 23:1127.

A&Z filed the present appeal. It argues that penalties and attorney fees were inappropriate. A&Z also argues that a stipulation was entered into at trial about contact with Ms. Flores's health care providers and the judgment should have been worded in conformity with the stipulation. Ms. Flores answered the appeal claiming that the amount of penalties should be increased and asking for additional attorney fees for work performed on appeal.

## PENALTIES AND ATTORNEY FEES

A&Z sets forth three reasons that penalties and attorney fees were inappropriately awarded pursuant to La.R.S. 23:1201(G). It first argues that Ms. Flores waived and compromised any right to the penalties and attorney fees when she cashed the check. Next, it argues that there was not a final and nonappealable judgment at the time it made payment. Finally, A&Z argues that it was unable to

2

pay the judgment due to conditions over which it had no control, falling under the exception in La.R.S. 23:1201(G).

Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers. *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41. While the benefits conferred by the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. *Id*.

Louisiana Revised Statutes 23:1201(G) provides:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

Louisiana Revised Statutes 23:1201(G) only applies when there is a final and nonappealable judgment. Therefore, we will first address A&Z's argument that there was not a final and nonappealable judgment.

**Final and Nonappealable Judgment**

A&Z argues that there was not a final and nonappealable judgment until the trial court signed the judgment on September 11, 2013, because Ms. Flores requested that the judgment be reduced to writing and there was a dispute regarding the content and intent of the stipulation and language of the judgment.

3

A&Z argues that Ms. Flores's reliance on *Trahan v. Coca Cola Bottling Co., United, Inc.*, 04-100 (La. 3/2/05), 894 So.2d 1096, is misplaced in this case because the claimant did not cash the check in *Trahan*, whereas the check was cashed in this case.

Whether the check was cashed or not makes no difference as to whether there was a final and nonappealable judgment. The supreme court held that a signed judgment is unnecessary when the requirements for an oral compromise pursuant to La.Civ.Code art. 3071 are satisfied. The supreme court noted that La.Civ.Code art. 3071 "provides for two elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences." *Trahan*, 894 So.2d at 1104. "To be enforceable under Article 3071, a compromise must either be reduced to writing and signed by the parties or their agents, or *be recited in open court and be capable of transcription from the record of the proceeding.*" *Id*. (emphasis added).

The supreme court also observed that a compromise recited in open court and entered into by the parties, whereby the employer agrees to pay certain sums to the claimant in exchange for ending pending litigation, constitutes a confession of judgment such that defendant is not entitled to an appeal. *Id*. It "confers upon the parties the right of judicial performance." *Id*. at 1109.

A review of the record in the present case discloses that all the elements of a compromise were met; the compromise was recited in open court and capable of transcription from the record on June 24, 2013. At that point the agreement became enforceable and constituted a final and nonappealable judgment.

4

A&Z further argues that the compromise was not final because there was a dispute as to the stipulation's intent and content. It refers to the fact that both parties submitted judgments, with the trial court signing the judgment it submitted. The only difference between the two submitted judgments was that the one submitted by A&Z broke down the total amount owed into the specific amounts owed for each item as recited in the stipulation. There was no dispute as to the content of the stipulation made in court.

## Waiver

Having determined that the recitation in trial court constituted a final and nonappealable judgment, we now turn to the issue of whether Ms. Flores waived her right to pursue penalties and attorney fees under La.R.S. 23:1201(G) when she cashed the check. An attempt was made to deliver the check to Ms. Flores's attorney's office on July 25, 2013, but the office had already closed for the day. The check was delivered the next day. A letter accompanied the check tendered to Ms. Flores which stated "do not negotiate A&Z Tobacco, LLC's check until such time that the release documents have been executed and returned to our office." The check was cashed that day, but the release was not signed until several days later. Among other language, the "PARTIAL RECEIPT AND RELEASE" included the following:

> Plaintiff and her attorney therefore release Defendant from any and all such claims they may have under the laws of Louisiana through the date of execution of this release, including but not limited to those for payment of past indemnity, past medical expenses, interest, costs, penalties owed under any statute and attorney fees under any statute.

Ms. Flores and her attorney did sign the release on July 29, 2013, but only after crossing out the above language.

5

In *Trahan*, 894 So.2d 1096, the supreme court recognized that the claimant could refuse to sign a receipt and release when the parties did not contemplate the execution of a receipt and release as part of the stipulation. There is no evidence whatsoever in this case that a receipt and release had to be signed as part of the stipulation. Therefore, it was not necessary for Ms. Flores to sign the document before cashing the check. She further indicated her understanding of the stipulation by crossing out language that was not part of the compromise before signing the document. Ms. Flores did not waive her right to penalties and attorney fees under La.R.S. 23:1201(G).

**Nonpayment Due to Conditions A&Z Could Not Control**

A&Z asserts that its failure to pay resulted from conditions over which it had no control. "A plain reading of [La.R.S. 23:1201] G raises two questions (1) was the payment timely, and (2) if not, did the delay result from conditions beyond the employer's control." *Fontenot v. Sonnier*, 09-1215, p. 5 (La.App. 3 Cir. 4/7/10), 34 So.3d 473, 476. The manifest error standard of review applies to a workers' compensation judge's finding as to whether untimely payment was the result of conditions beyond an employer's control. *Id*.

A&Z introduced evidence that it had $1,699.03 in its account on June 24 when the stipulation was entered into and that it had to make a loan/cash call on its members to pay the stipulated amount. The final deposit to cover the stipulated amount was made on July 24. As noted by the workers' compensation judge, the thirtieth day was July 24, 2013. This does not include the day the stipulation was entered into. Therefore, any attempt to deliver the check on July 25 was already late.

A&Z claims that it was having financial difficulties which caused it issues in securing the money to pay the stipulation. We first observe that A&Z did not have workers' compensation insurance as required by La.R.S. 23:1168, which would have provided coverage for Ms. Flores's accident. Failure to secure funding to pay this workers' compensation claim timely is not a condition beyond the employer's control. We find no manifest error in the workers' compensation judge's ruling on this issue.

## CONTACT OF HEALTH CARE PROVIDERS

A&Z's final argument is that the workers' compensation judge erred when it ruled that it could only contact Ms. Flores's health care providers in accordance with La.R.S. 23:1127. A&Z argues that this issue was moot and resolved by the stipulation so that the judgment should have been worded in conformity with the stipulation.

Contact on behalf of A&Z had been made with Ms. Flores's doctors questioning whether her injury was work-related. This was after A&Z and Ms. Flores entered into the stipulation and A&Z agreed to pay indemnity benefits, medical benefits, and penalties and attorney fees. Ms. Flores then raised this issue in her motion for contempt. We find no error with the workers' compensation judge's ruling that contact with Ms. Flores's doctors should be made in accordance with the law and including this issue as part of her judgment.

## AMOUNT OF PENALTIES

In her answer to the appeal, Ms. Flores argues that the trial court erred in awarding her a penalty in the amount of $2,000.00 when the amount awarded should have been greater based on the mandatory language found in La.R.S. 23:1201(G). Louisiana Revised Statutes 23:1201(G) provides, in pertinent part,

that a penalty "shall" be awarded in "an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater."

The payment by A&Z was two days late, so the $100.00 a day penalty results in a $200.00 penalty. Whereas, 24% of the total stipulated amount of $21,964.49 is $5,271.48. Pursuant to La.R.S. 23:1201(G), we are mandated to increase the penalty award to $5,271.48 as the greater penalty.

## ATTORNEY FEES

Ms. Flores has also asked for an award of additional attorney fees for work performed on this appeal. An additional award of attorney fees for work done on an appeal is proper when a party is forced to and successfully defends an appeal and the party makes a proper request for additional attorney fees. *Alpizar v. Dollar General*, 13-1150 (La.App. 3 Cir. 3/5/14), 134 So.3d 99. Since Ms. Flores was successful on appeal in defending her case and obtaining an increase in the penalties awarded as requested in her answer, we make an additional award of $3,500.00 for the work performed on appeal.

For the reasons set forth in this opinion, we amend the judgment to increase the penalties awarded from $2,000.00 to $5,271.48. We also award an additional award of attorney fees in the amount of $3,500.00. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to A&G Tobacco, LLC.

**AFFIRMED AS AMENDED.**

8

BELINDA FLORES

VERSUS

A & Z TOBACCO, LLC, D/B/A PAK A SAK

**THIBODEAUX, Chief Judge, concurring in part and dissenting in part.**

I agree with the majority's treatment of the waiver argument and the nonpayment of the judgment for the alleged reason that it was beyond the employer's control. I disagree, however, with their treatment of what constitutes a final and nonappealable judgment. I would, therefore, reverse and not award any penalties or fees.

I agree that a binding and enforceable *compromise* was reached under both Article 3071 of the Code of Civil Procedure and La.R.S. 23:1272(A) which governs compromises under workers' compensation laws. The defendant does not and cannot dispute this fact and its settlement consequences. What is at issue is whether penalties and fees inure to the plaintiff as a result of a "final, nonappealable *judgment*" which is not paid within thirty days after becoming due.

Louisiana Revised Statutes 23:1201(G) provides for penalties when the judgment has not been paid within thirty days of it being rendered. This article begins the thirty-day period from the time of a "final, nonappealable judgment." The phrase, "final, nonappealable judgment" is not defined in the workers' compensation statutes. When the issue is not addressed in the specific area of law as in workers' compensation, the general codal provisions are used. Section 40:6601 of the Louisiana Administrative Code states, "[u]nless otherwise provided for in these rules, any practice or procedure not in conflict with either the Workers'

Compensation Act or these rules will be guided by practice and procedure provided for in the Louisiana Code of Civil Procedure."

Article 911 of the Louisiana Code of Civil Procedure provides that a final judgment must be in writing and signed by the judge unless otherwise provided for by law. Louisiana Revised Statutes 23:1201(G) does specifically say a "final, nonappealable *judgment*" and not an enforceable *compromise* as does La.R.S. 23:1272(A). In my view, since a final judgment has to be in writing and not simply recited in open court, as does a compromise, a written document has to be executed in order to effectuate the imposition of penalties.[1]

Moreover, the plaintiff's attorney himself requested a written judgment. When asked by defense counsel, "do you require a written judgment or will this suffice?", the plaintiff's counsel answered, "I would like a written." Thus, the written judgment which plaintiff's counsel requested and which was signed on September 11th, is the appropriate time by which to govern whether penalties and fees are due under Section 1201(G).

For the foregoing reasons, I respectfully dissent in part.

---

[1] I am cognizant of *Trahan v. Coca Cola Bottling Co. United, Inc.*, 03-827 (La.App. 3 Cir. 12/1/03), 861 So.2d 783, a panel on which I sat. I now reject the views expressed and the conclusion reached therein.

2